Justin Cilenti (GC 2321)
Peter H. Cooper (PHC 4714)
CILENTI & COOPER, PLLC
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FELIPE LUJUAN and JOSE CABALLERO,

                Plaintiffs,

-against-

JPG LLC *dba* PHILIP MARIE RESTAURANT,
and JOHN GRECO, individually,

                Defendants.

Case No.: 18 cv 916

**COMPLAINT**

---

Plaintiffs, Felipe Lujuan and Jose Caballero ("Plaintiffs"), by and through their undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, JPG LLC *dba* Philip Marie Restaurant, located at 569 Hudson Street, New York, New York 10014, ("Philip Marie"), and John Greco, the owner of Philip Marie, individually (collectively referred to herein as the "Defendants"), and states as follows:

**INTRODUCTION**

1. Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the Defendants: (1.) unpaid wages; (2.) unpaid overtime compensation; (3.) liquidated damages; (4.) prejudgment and post-judgment interest; and (5.) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1.) unpaid wages; (2.) unpaid overtime compensation; (3.) unpaid spread of hours premiums for each day they worked a span of time in excess of ten (10) hours; (4.) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (5.) pre-judgment and post-judgment interest; and (6.) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiffs are adult residents of New York County, New York.

6. Defendant, JPG LLC, dba Philip Marie, is a domestic limited liability company, organized and existing under the laws of the State of New York, with a principal place of business located at 569 Hudson Street, New York, New York 10014.

7. Upon information and belief, Defendant, John Greco, is an owner, officer, director and/or managing agent of Philip Marie, whose address is unknown at this time and who participated and continues to participate in the day-to-day operations of Philip Marie and acted intentionally and maliciously and are an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Philip Marie.

8. Plaintiff Felipe Lujuan was employed by the Defendants, in New York County, New York, to work as a dishwasher and cleaner, at Defendants' restaurant, from August 2016 through on or around August 10, 2017.

9. Plaintiff Jose Caballero was employed by the Defendants, in New York County, New York, to work as a dishwasher and cleaner, at Defendants' restaurant, from August 2016 through on or around October 4, 2017.

10. At all relevant times, Philip Marie was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Philip Marie.

12. At all relevant times, the Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

## STATEMENT OF FACTS

13. In or around August 2016, Plaintiff, Felipe Lujuan, was hired by the Defendants to work as a cleaner and dishwasher at Defendants' restaurant known as "Philip Marie", located at 569 Hudson Street, New York, New York 10014.

14. Plaintiff Felipe Lujuan continued to work for the Defendants in such capacity until on or about August 10, 2017.

15. During Plaintiff Felipe Lujuan's employment by Defendants, he worked over forty (40) hours per week.

16. Plaintiff Felipe Lujuan normally worked fifty-four (54) hours each week. He worked six (6) days per week. Defendants deducted from Plaintiff's pay for meal breaks, which he was not given. He did not punch a clock and he was not paid wages for all hours worked.

17. Felipe Lujuan was often given a document stating, falsely, that he was given a break each and every day he worked. The document states that he was not paid for that break.

18. The restaurant did not utilize any time keeping device, to accurately reflect plaintiff's actual hours worked.

19. In or around August 2016, Plaintiff, Jose Caballero, was hired by the Defendants to work as a cleaner and dishwasher at Defendants' restaurant known as "Philip Marie", located at 569 Hudson Street, New York, New York 10014.

20. Plaintiff Jose Caballero continued to work for the Defendants in such capacity until on or about October 4, 2017.

21. During Plaintiff Jose Caballero's employment by Defendants, he worked over forty (40) hours per week.

22. Plaintiff Jose Caballero normally worked fifty-four (54) hours each week. He worked six (6) days per week. Defendants deducted from Plaintiff's pay for meal breaks, which he was not given. He did not punch a clock and he was not paid wages for all hours worked.

23. Jose Caballero was often given a document stating, falsely, that he was given a break each and every day he worked. The document states that he was not paid for that break.

24. The restaurant did not utilize any time keeping device, to accurately reflect plaintiff's actual hours worked.

25. Defendant, John Greco, is an individual who, upon information and belief, own the stock of Philip Marie, owns Philip Marie, and manages and makes all business decisions,

including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

26. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time and pay records.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

27. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "26" of this Complaint as if fully set forth herein.

28. At all relevant times, upon information and belief, the Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

29. At all relevant times, the Defendants employed Plaintiffs within the meaning of the FLSA.P

30. Upon information and belief, at all relevant times, the Defendants had gross revenues in excess of $500,000.

31. Plaintiffs were entitled to be paid the applicable minimum wage for all hours worked and at the rate of time and one-half for hours worked in excess of the maximum hours provided for in the FLSA.

32. At all relevant times, the Defendants had a policy and practice of refusing to pay minimum wages for all hours worked, and overtime compensation at the statutory rate of time and one-half to Plaintiffs.

33. Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

34. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs for their lawful wages, and overtime compensation, for hours worked when they knew or should have known such was due.

35. Defendants failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215 (a).

36. Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs which may be in the possession and custody of the Defendants may be false as Plaintiffs were forced to sign false documents.

37. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

38. As a direct and proximate result of the Defendant's willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

39. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, minimum wages, and overtime compensation, plus an equal amount as liquidated damages, and prejudgment interest thereon.

40. Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

41. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "40" of this Complaint as if fully set forth herein.

42. At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

43. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs minimum wages for all hours worked; and overtime wages in the lawful amount for hours worked in excess of forty (40) hours per workweek.

44. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from the Defendants unpaid wages; overtime compensation; unpaid "spread of hours" premiums; reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1), *et al.*, and § 198. Plaintiffs also seek liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

45. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "44" of this Complaint as if fully set forth herein.

46. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

47. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

48. Defendants did not provide Plaintiffs, with a written statement accurately accounting for his hours worked.

49. Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours the employees worked, in order to avoid paying them for their full hours worked; and, overtime due.

50. Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

51. Plaintiff was not provided with true and accurate wage statements as required by law.

52. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Felipe Lujuan and Jose Caballero, respectfully request that this Court grant the following relief:

(a) An award of unpaid wages, and overtime compensation due under the FLSA and New York Labor Law;

(b) An award of liquidated as a result of the Defendants' willful failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(c) An award of liquidated damages and statutory penalties as a result of the Defendants' willful failure to pay wages pursuant to the New York Labor Law;

    (d)    An award of penalties for failing to comply with the annual and weekly notice requirements of the New York State Wage Theft Prevention Act;

    (e)    An award of prejudgment and post-judgment interest;

    (f)    An award of costs and expenses of this action together with reasonable attorneys' fees; and,

    (g)    Such other and further relief as this Court deems just and proper.

Dated: New York, New York
February 1, 2018

Respectfully submitted,

CILENTI & COOPER, PLLC
**Attorneys for Plaintiffs**
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102

By: _____
    Peter H. Cooper (PHC 4714)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, **Felipe Lujuan**, am an employee currently or formerly employed by **JPG LLC**, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
**November 9**, 2017

*Felipe*

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, __Jose Caballero__, am an employee currently or formerly employed by __JPG LLC__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
__Nov. 9__, 2017